Robbie Malone
State Bar No. 12876450
Jacob C. Boswell
State Bar No. 24061269
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DEREK LEE,** | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Civil Action No. 3:10-cv-00538 |
| | § | |
| **CREDIT MANAGEMENT, LP** | § | |
| **(erroneously named as Credit** | § | |
| **Management, LP dba The CMI Group),** | § | |
| **Defendant** | § | |

## DEFENDANT'S ORIGINAL ANSWER &  COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Credit Management, LP (erroneously named as "Credit Management, LP dba The CMI Group) (referred to hereinafter as "Defendant CM" or "Defendant" or "CM") and files the following answer:

### I.

### NATURE OF ACTION

1. Defendant denies violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et seq.* (FDCPA), the Texas Debt Collection Practices Act, Chapter 392 (TDCPA), the

Texas Business and Commerce Code, Subchapter E, Chapter 17 (DTPA), and the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA).

2. Defendant denies that Plaintiff is entitled to recovery monetary damages or an Order or injunction preventing Defendant from conducting business as there have been no violations of the FDCPA, TDCPA, DTPA, and TCPA.

3. Defendant admits Plaintiff's contention that service may be made in any district in which a defendant may be found.

## II.

## JURISDICTION AND VENUE

4. Defendant does not have sufficient information to admit or deny Plaintiff's contentions that jurisdiction is proper.

5. Defendant does not have sufficient information to admit or deny Plaintiff's contentions that venue is proper.

## III.

## PARTIES

6. Defendant is without sufficient information to admit or deny Plaintiff's contention that he is a natural person residing in Galveston County.

7. Defendant is without sufficient information to admit or deny Plaintiff's contention that he is a consumer as defined by 15 U.S.C. 1692a(3) and the Texas Business and Commerce Code §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant is without sufficient information to admit or deny the contention that it is an entity who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Texas Finance Code §392.001(6).

9. Defendant admits that it is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code §392.001(2).

## IV.

## FACTUAL ALLEGATIONS

10. Defendant admits Plaintiff's contention as set forth in Paragraph 10 of his complaint.

11. Defendant is without sufficient information to admit or deny Paragraph 11 of Plaintiff's complaint.

12. Defendant admits Plaintiff's contention as set forth in Paragraph 12 of his complaint.

13. Defendant admits Plaintiff's contention that within one (1) year preceding the date of this Complaint, it made and/or placed a telephone call to Plaintiff in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due another, but Defendant is currently without sufficient information to admit or deny that the number dialed was associated with a cellular phone.

14. Defendant denies Plaintiff's contention as set forth in Paragraph 14 of his complaint.

15. Defendant admits that it attempted to contact Plaintiff during the months stated in Paragraph 15, but denies that its efforts were meant to harass as alleged by Plaintiff.

16. Defendant denies Plaintiff's contentions as set forth in Paragraph 16 of his complaint.

17. Defendant denies Plaintiff's contention as set forth in Paragraph 17 of his complaint.

18. Defendant denies Plaintiff's contention as set forth in Paragraph 18 of his complaint.

19. Defendant denies Plaintiff's contention as set forth in Paragraph 19 of his complaint.

20. Defendant denies Plaintiff's contention as set forth in Paragraph 20 of his complaint.

21. Defendant denies Plaintiff's contention as set forth in Paragraph 21 of his complaint.

## COUNT I--FDCPA

22. Defendant repeats and re-alleges each and every one of its respective admissions and denials.

23. Defendant denies Plaintiff's contention as set forth in Paragraph 23 of his complaint.

## COUNT II--TDCPA

24. Defendant repeats and re-alleges each and every one of its respective admissions and denials.

25. Defendant denies Plaintiff's contention as set forth in Paragraph 25 of his complaint.

## COUNT III--TCPA

26. Defendant repeats and re-alleges each and every one of its respective admissions and denials.

27. Defendant denies Plaintiff's contentions as set forth in Paragraph 27 of his complaint.

## COUNT IV--DTPA

28. Defendant repeats and re-alleges each and every one of its respective admissions and denials.

29. Defendant is without sufficient information to admit or deny Plaintiff's contentions as set forth in Paragraph 29.

30. Defendant denies that it was given notice more than sixty days before this suit was filed in the manner and form required by DTPA §17.505(a).

31. Defendant denies Plaintiff's contentions as set forth in Paragraph 31 of his complaint.

32. Defendant denies Plaintiff's contentions as set forth in Paragraph 32 of his complaint.

33. Defendant denies Plaintiff's contentions as set forth in Paragraph 33 of his complaint.

34. Defendant denies Plaintiff's contentions as set forth in Paragraph 34 of his complaint.

35. Defendant denies Plaintiff's contentions as set forth in Paragraph 35 of his complaint.

36. Defendant denies that Plaintiff is entitled to the relief claimed in Paragraph 36 of his complaint.

37. Defendant denies that Plaintiff is entitled to the relief claimed in Paragraph 37 of his complaint.

## VII.

## AFFIRMATIVE DEFENSES

38. Subject to and without waiving the above responses, Defendant asserts the following affirmative defenses:

    A. Defendant asserts the affirmative defense of "bona fide error" as provided by 15 U.S.C. §1692k(c), which provides that "a debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

    B. Defendant asserts the affirmative defense of contributory/comparative fault. Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by CMI.

    C. Defendant further asserts the affirmative defense of failure to mitigate. The damages claimed by Plaintiff could have been mitigated by due diligence on his

part or by one acting under similar circumstances. To wit, Plaintiff could have sent Defendant a written dispute, including copies of the proof he claimed to have that a lesser amount was due, and he could have sent a written request for Defendant to discontinue its calls.

39. Defendant alleges that Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist. Therefore, Defendant reserves the right to assert all defenses that may pertain to the Complaint as the facts are discovered.

WHEREFORE, PREMISES CONSIDERED, Defendant, Credit Management, LP, prays as follows:

A. For Plaintiff to take nothing by way of her Complaint herein and that this action is dismissed in its entirety with prejudice;

B. For Defendant's attorneys fees and costs incurred herein;

C. For such other further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendant*

**DEFENDANT'S ORIGINAL ANSWER – Page 6**
**Lee v. Credit Management, LP**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via United States Postal Service on this 4th day of January, 2011 to:

***CM/RRR***
Dennis R. Kurz
Attorney for Plaintiff
WEISBERG & MEYERS, L.L.C.
5927 Almeda Road
Houston, TX 77004

                                                /s/Robbie Malone