**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DEREK LEE, | § | |
| | § | CIVIL ACTION NO. 3:10-cv-00538 |
| vs. | § | |
| | § | |
| CREDIT MANAGEMENT, LP | § | |
| DBA THE CMI GROUP, | § | |
| | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Derek Lee, by and through his counsel undersigned, hereby files this motion for partial summary judgment against Defendant Credit Management, LP.  In support thereof, Plaintiff respectfully states as follows:

**I.      INTRODUCTION.**

On August 5, 2011, Defendant filed a 58-page motion for summary judgment in this case. (Doc. 20).   On September 6, 2011, Plaintiff filed his 57-page response in opposition to Defendant's motion, detailing applicable law and facts as to each of Plaintiff's claims.  (Doc. 25).  In effort to reduce the Court's workload, Plaintiff will rely primarily on the argument contained in his response brief, hereby incorporated by reference, and will not reproduce the same here.

Plaintiff moves for summary judgment on his claims under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Practices Act ("TDCPA"), Chapter 392, TEX. FIN. CODE, the Texas Deceptive Trade Practices Act ("DTPA"), Chapter 17, Subchapter E, TEX. BUS. & COM. CODE, and the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.   Specifically, Defendant violated 15

U.S.C. § 1692e(2)(A) by falsely representing the amount of debt Plaintiff owed, and violated 15 U.S.C. § 1692e(10) and TEX. FIN. CODE § 392.304(a)(19) by making false representations and using deceptive means to collect Plaintiff's debt.  Defendant's violation of TEX. FIN. CODE § 392.304(a)(19) constitutes a *per se* violation of the DTPA.  In addition, Defendant violated 15 U.S.C. § 1692g(a) by failing to send the proper disclosures required by that section.  Defendant violated the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) by making non-emergency phone calls to Defendant's cellular telephone number using an automatic telephone dialing system without Plaintiff's prior express consent.

## II.   STATEMENT OF FACTS.

In addition to the facts listed in Plaintiff's Response to Defendant's Motion for Summary Judgment, (Doc. 20 at 2-6), Plaintiff states as follows:

1.   As of May 5, 2011, Defendant's records showed that Plaintiff owed a debt in the amount of $386.21.  (See Deposition Transcript of Nelson Wilson, attached hereto as Exhibit A, at 133:14-23).

2.   Defendant utilizes a predictive dialer in connection with its debt collection system.  (Exhibit A, at 29:1-8, 27:17-28:3).

3.   Mr. Wilson provides training to Defendant's employees "on how to, I guess, respond to the dialer. When a call comes to the agent, what they should do with it and how they should handle it."  (Exhibit A at 29:9-15).

4.   Defendant's dialer itself dials "a specific group of numbers that our clients have provided to us.  And if it receives an answer, then it gets it to an agent to work."  (Exhibit A at 48:5-10).

5.   Defendant's dialer has the "capability of being ready for a new call as soon as the collector is done on the current call to have a call in cue waiting for them so they can use the time most efficiently."  (Exhibit A at 102:19-22).

6.      Plaintiff's cellular telephone number was "put into a calling file which was created on the day of the attempted call. And once the dialer dialed that number and got a response that indicated there was a person on the other end, then it routed that call to the next available agent."  (Exhibit A at 104:3-11).

7.      Defendant's collection system notes do not accurately reflect all calls that were placed by Defendant's dialer.  (Exhibit A at 52:10-53:6).  Mr. Wilson stated that "if you're trying to determine when the call was actually made by our dialing system, then I would refer to the Dialer Master Result History for that information." (Exhibit A at 54:16-19).

8.      On the Dialer Master Result History, the notation "Dlr" indicates when the dialer made a call.  (Exhibit A at 100:14-101:1).

9.      Defendant's dialer made a call to Plaintiff's cellular telephone number no less than 18 times, including on July 13, July 16, July 17, July 19, July 20, July 23, July 25, July 27, July 29, July 30, July 31, August 1, August 3, August 5, September 6, September 7, September 8, and September 9, 2010.  (See Dialer Master Result History, attached hereto as Exhibit B).

10.      On July 13, 2010, Defendant, through its dialer, placed a prerecorded message to Plaintiff's cellular telephone.  (Exhibit A at 54:20-55:3; Exhibit B).

11.      Defendant did not make any phone calls to Plaintiff's cellular telephone number for emergency purposes.  (See Exhibit A at 104:12-23, 105:24-106:7).

12.      Plaintiff never provided his cellular telephone number to Defendant.  (Exhibit A at 123:7-14).

13.      Comcast, creditor to Plaintiff, provided no documents to Defendant when Comcast placed Plaintiff's account with Defendant, and Defendant has no documents of any kind that would show Plaintiff provided consent to be called at his cellular telephone number. (Exhibit A at 123:15-124:5, 124:8-125:10).

## III.    SUMMARY JUDGMENT STANDARD.

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "material" if its resolution could affect the outcome of the action. *Commerce & Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must review the facts in the light most favorable to the nonmoving party, to the extent supportable by the record.  *Brown v. Bunge Corp.*, 207 F.3d 776, 781 (5th Cir. 2000).

## IV.    DEFENDANT VIOLATED 15 U.S.C. § 1692e BY FALSELY REPRESENTING THE AMOUNT OF DEBT OWED.

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt."  15 U.S.C. §§ 1692e(2)(A), 1692e(10).

Plaintiff's Response addresses why Defendant's conduct violated these sections, and Plaintiff hereby incorporates the same herein by reference.  (See Doc. 25 at 15-24).  In short, Defendant repeatedly represented that Plaintiff owed a debt for $386.21, when Plaintiff only owed a debt for $32.00.  Even as of May 5, 2011, Defendant's records showed that Plaintiff owed a debt in the amount of $386.21.  (See Statement of Facts, Section II *supra*, ("SOF"), ¶1). At no time has Defendant disputed that it misrepresented the amount of debt Plaintiff owed. Therefore, Plaintiff is entitled to summary judgment on this claim.

**V.      DEFENDANT VIOLATED TEX. FIN. CODE § 392.304(a)(19) BY FALSELY REPRESENTING THE AMOUNT OF DEBT OWED.**

Like the FDCPA, the TDCPA prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."  TEX. FIN. CODE § 392.304(a)(19).

Plaintiff's Response addresses why Defendant's conduct violated this section, and Plaintiff hereby incorporates the same herein by reference.  (See Doc. 25 at 25).  For the same reasons that Defendant violated 15 U.S.C. § 1692e, it has also violated TEX. FIN. CODE § 392.304(a)(19).

**VI.     BECAUSE DEFENDANT'S TDCPA VIOLATION CONSTITUTES A *PER SE* VIOLATION OF THE DTPA, PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THIS CLAIM.**

The TDCPA expressly provides: "A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."  TEX. FIN. CODE § 392.404(a).  For this reason, "[v]iolations under the TDC[P]A are automatically violations of the Texas Deceptive Trade Practices Act."  *Hare v. Hosto & Buchan, PLLC*, 774 F. Supp. 2d 849, 853 (S.D. Tex. 2011).  Because Defendant violated the TDCPA, Defendant is liable to Plaintiff under the DTPA.

**VII.    DEFENDANT VIOLATED 15 U.S.C. § 1692g(a) BY FAILING TO PROVIDE PLAINTIFF WITH THE NOTICES REQUIRED BY THAT SECTION.**

The FDCPA at section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> **(1) the amount of the debt;**

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

Plaintiff discusses this claim in its response at pages 26-28.  (Doc. 25 at 26-28).  While there is a genuine dispute as to whether Defendant sent Plaintiff a letter[1] on July 13, 2010, there is no dispute as to the amount of debt that would have been stated in the letter, if it was sent. Defendant, at all times, has maintained that Defendant owed $386.21.  If it sent Plaintiff a letter on July 13, 2010, it would have asserted that Plaintiff owed this amount of debt.  The same is reflected in Defendant's collection account notes, was contained in a collection letter sent in October 2010, and even as of May 5, 2011, Defendant's account notes show Plaintiff owed $386.21.  (SOF, ¶1).  However, as of July 10, 2010, Plaintiff owed only $32.00 – a fact that Defendant does not dispute.  By failing to properly provide the disclosure required by 15 U.S.C. § 1692g(a)(1), Defendant violated this section of the FDCPA.

## VIII. DEFENDANT VIOLATED THE TCPA BY MAKING NON-EMERGENCY CALLS TO PLAINTIFF'S CELLULAR TELEPHONE NUMBER USING AN AUTOMATIC TELEPHONE DIALING SYSTEM WITHOUT PLAINTIFF'S PRIOR EXPRESS CONSENT.

The TCPA provides:

---

[1] Note that Defendant has no actual knowledge that the letter it sent to Plaintiff, if sent, would have been identical to the form letter it produced in its motion for summary judgment.  (See Exhibit A at 74:9-15).

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*     \*     \*

(iii) **to any telephone number assigned to a** paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

In this case, Defendant uses a predictive dialer in connection with its debt collection system, which does not require human intervention to make phone calls.  (SOF, ¶¶2-5).  As discussed in Plaintiff's Response, this type of software falls under the definition of an automatic telephone dialing system.  (See Doc. 25 at 46-50).  Defendant used its dialer to call Plaintiff's cellular telephone number at least eighteen (18) times.  (SOF, ¶¶6-9).  These calls were placed for non-emergency purposes, and as part of Defendant's routine collection practice.  (SOF, ¶11).

As explained in Plaintiff's Response, Defendant has the burden of proof to show that it had Plaintiff's prior, express consent to call Plaintiff's cellular telephone number using an automatic telephone dialing system.  (See Doc. 25 at 52-54).  Defendant cannot produce any evidence showing Plaintiff had provided his prior express consent to be called.  (SOF, ¶13).  Plaintiff never provided Defendant with express consent to call his cellular telephone number.  (SOF, ¶12).  Therefore, Plaintiff is entitled to summary judgment on his TCPA claim.

## IX.    CONCLUSION.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order granting Plaintiff's motion for partial summary judgment and denying Defendant's motion for summary judgment.

Dated:  September 9, 2011.                    Respectfully submitted,

                                             WEISBERG & MEYERS, LLC

                                   By: s/Noah D. Radbil
                                         Noah D. Radbil
                                         Texas Bar No. 24071015
                                         noah.radbil@attorneysforconsumers.com
                                         Dennis R. Kurz
                                         Texas Bar No. 24068183
                                         dkurz@attorneysforconsumer.com
                                         WEISBERG & MEYERS, LLC
                                         Two Allen Center
                                         1200 Smith Street, Sixteenth Floor
                                         Houston, Texas 77002
                                         Telephone:     (888) 595-9111
                                         Facsimile:     (866) 317-2674

                                         *Attorneys for Plaintiff* DEREK LEE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    Robbie Malone
    Robbie Malone, PLLC
    Northpark Central, Suite 1850
    8750 North Central Expressway
    Dallas, Texas 75231

                                  s/Noah D. Radbil
                                  Noah D. Radbil