IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DEREK LEE | § |
| | § |
| V. | § CIVIL ACTION NO. G-10-538 |
| | § |
| CREDIT MANAGEMENT, LP | § |
| d/b/a The CMI Group | § |

## OPINION AND ORDER

On February 6, 2012, Defendant, Credit Management, LP, filed a "Motion to Quash Subpoenas." The subpoenas were sent, by electronic mail and certified mail, to the Defendant's attorney; the subpoenas are intended to command the appearance of six of the Defendant's employees, who are not parties to this litigation, at the trial of this case, now set for February 13, 2012. The Motion must be denied.

The Court appreciates the Defendant's exposition on Rule 45, but finds it irrelevant to the task at hand. Absent a claim of privilege relating to the information being sought through a subpoena, a party has no standing to move to quash a subpoena served upon a third party. Thomas v. Marine Associates, 202 F.R.D. 433, 434 (E.D. Pa. 2001)   The Defendant has alleged no such privilege and, therefore, has no standing to seek to quash the subpoenas on the asserted grounds of defective service or undue burden and oppression placed upon the non-parties; only the subpoenaed persons themselves may do so. Auto Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Wright, Miller & Marcus, Fed. Prac. & Proc. Civil 2D § 2035)

Because the Defendant lacks standing, its Motion to Quash (Instrument no. 74) is **DENIED**.

The Court expresses no advisory opinion on the effectiveness, if any, of the service, if any, of the subpoenas giving rise to the filing of this Motion.

**DONE** at Galveston, Texas, this ____7th_____ day of February, 2012.

_____
John R. Froeschner
United States Magistrate Judge